1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LARRY ROTHMAN & ASSOCIATES
LARRY ROTHMAN – State Bar No. 72451
City Plaza
1 City Boulevard West, Suite 850
Orange, California 92868
(714)  363 0220  Telephone
(714)  363 0229   Facsimile
tocollect@aol.com   E-Mail


Attorneys for the Plaintiff:
MEGLODON FINANCIAL, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

MEGLODON FINANCIAL, LLC

        Plaintiff,

    vs.

RENADA NADINE MARCH,
FAY E. MARCH, Defendant In-
Intervention

        Defendants.

CASE NO:  SACV10-01144DOC (RCx).

**RELATED TO:**

CASE NO:   SACV10-00516DOC

**RELATED TO:**
CASE NO: SACV10-00260 DOC (Ex )

**POINTS AND AUTHORITIES IN SUPPORT OF ORDER TO SHOW CAUSE RE: CONTEMPT FOR RENADA NADINE MARCH AND FAY MARCH**

The Plaintiff now files these Memorandum of Points and Authorities in Support for its Application to this Court requesting that the Court set an Order to Show Cause Re: Contempt for the Defendants willful violation of an Order of this Court remanding this case back to State Court.

## STATEMENT OF FACTS

This action is an unlawful detainer action brought in State Court.   Plaintiff purchased the property located at 7 Bluebird Lane, Aliso Viejo, California 92656 California 92656  (Orange County)  previously owned by the Defendant, RENADA MARCH at a trustee sale in which the Defendant's lender foreclosed due to lack of payment.

On December 11, 2009, the Honorable George H. Wu remanded the case of Meglodon Financial v March Case No. SACV 09-01355 GW (SS) back to State Court when Ms. March previously removed it.    In the related case, Ms. March removed the same case with the same parties.    This Court is requested to take Judicial Notice of the aforesaid December 11, 2009, Order in that case.   The Court set an Order to Show Cause and then remanded the case back to State Court (for the 2nd time).

In the Third Notice of Removal case, the removal documents filed with this court included the Complaint for Unlawful Detainer and the Answer to the

Complaint.   The Defendant, RENADA MARCH, now claims that her mother has some interest in the property that was foreclosed and has again removed this case back to Federal Court.   The Defendants (in proper) had apparently filed for removal based upon "some sort" of a civil rights violation and "constitutional" argument that the foreclosure statutes in California (<u>California Civil Code</u> Section 2924 et seq) are unconstitutional.     Ms March has filed or removed four previous cases.    She (they) have managed to delay the eviction and has **not prevailed at any substitutive hearing**.   The main defense of the Defendants was that the property was illegally foreclosed since the bank failed to modify defendants' loan. (see answer to the complaint).    The Plaintiff is a bonafide purchaser of value and as such, takes free and clear of any "error" in the foreclosure proceedings.    The Defendants can pursue any action they believe they have against the bank in another case, but not in this unlawful detainer action.

The Court remanded the Third Case Removed to State Court.   Judgment was entered against Ms. March in State Court.   See Request for Judicial Notice. **FAY MARCH AND RENADA MARCH <u>HAVE VIOLATED</u> THE AFORESAID ORDER BY THIS COURT AND AGAIN REMOVED THE CASE TO THIS COURT.**    There is nothing for this Court to do even if the removal was proper since judgment has already been entered on the unlawful detainer in State Court.

Each Defendant when applicable did not appear at court appearances throughout the last three removals claiming all types of excuses that caused Plaintiff additional attorney fees.   Each Defendant has also burdened this busy Court with each of their frivolous arguments contained in their filing.

Apparently, the Defendants believe that this Court is a "joke" and they do not take serious the orders of this Court.

**1**

**THE DEFENDANTS SHOULD BE ORDERED TO**

**APPEAR AT A CONTEMPT HEARING**

According to *Chambers v.NASCO, Inc*., 501 U.S. 32, 46 (1991),  Federal courts have inherent power to impose sanctions against parties for "willful disobedience of a court's order."   See also *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) (court's power to sanction for willful disobedience of a court order is essentially discretionary). However, the power must be exercised with restraint and discretion, and the sanctions must be appropriate to the misconduct. *Roadway Express, Inc. v. Piper*,447 U.S. 752 (1980).  Because of the punitive nature of a contempt order and accompanying monetary sanctions, clear and convincing evidence of abusive conduct is required;

a preponderance of the evidence is not enough. *Shepherd v. Am, Broad. Cos*., 62 F.3d 1469 (D.C. Cir. 1995). Deciding the amount of the monetary sanctions assessed against the contemnor is committed to the trial court's sound discretion, and is reviewable only for abuse of discretion.   See *General Signal Corp. v. Donallco, Inc.,* 787 F.2d 1376, 1380 (9th Cir. 1986). More specifically, the court may impose such sanctions as are necessary to compensate the innocent party, to vindicate the affront to the court, and to ensure that such abuses are not repeated. *Chambers*, 501 U.S. at 56-7.

The court may impose sanctions upon a party's motion or sua sponte.    *Roadway Express*, 447 U.S. at 765. The party against whom sanctions are being considered must be noticed. *In re Tutu Wells Contamination Litig.*, 120 F.3d 368 (3d Cir. 1997). Next, an opportunity to be heard is required, in order to determine whether parties or their counsel acted in bad faith. *Oregon RSA No. 6, Inc. v. Castle Rock Cellular of Or. Ltd. P'ship*, 76 F.3d 1003 (9th Cir. 1996). The opportunity to be heard does not require an oral or evidentiary hearing on the issue. Rather, the opportunity to fully brief the issue satisfies due process requirements. *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112,111*8 (9th Cir. 2000) (citing *Resolution Trust Corp. v. Dabney*, 73 F.3d 262 (10th Cir. 1995)).

The Plaintiff has been harmed in not only not being able to collect rent against the property which is the subject of this action, but also as to attorney fees and costs incurred by the frivolous Removal actions.

**There is no authority for removal by FAY E. MARCH  based upon a Defendant in Intervention.   FAY E. MARCH cannot be transferred an interest in the property after it was foreclosed by the lender.**

It should be noted that these Defendants are part of an eviction defense scam and scheme.    Judge Carter has two other Motions concerning the "related defendants".    In <u>Lincoln v Silverstein</u>  Case # SACV09-1072 DOC(Ex), a Motion to Dismiss is currently under submission by the Court.   In this case, the lawyer, the Orange County Sheriff , and banks are claimed to conspire to evict defendants who lose property in foreclosure.   In <u>Lighthouse v Cohen</u>, SACV10-229 DOC(Anx), there was a Motion to Remand on similar facts by a Defendant who actually refers to the Meglodon and Lincoln cases.

There is also no basis for removal under 28 <u>USC</u> Section 1443 (1). Defendants  have improperly again removed this case despite clear Supreme Court and Ninth Circuit precedent on this point.

In addition, since this removal was done in bad faith and without a viable reason, the Plaintiff should be allowed to recover her attorney fees in this action under 28 <u>USC</u> 1447 (c) which states in part that  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal".

## CONCLUSION

It thus respectfully requested to issue an Order to Show Cause why Renada Nadine March and Fay March should not be held in contempt and reimburse Plaintiff and the Court for their attorney fees and costs.

Respectfully submitted,

LARRY ROTHMAN & ASSOCIATES

Dated:    August 4, 2010

/s/LARRY ROTHMAN

_____

LARRY ROTHMAN,
Attorney for Plaintiff:
MEGLODON FINANCIAL, LLC

**PROOF OF SERVICE**

State of California, County of Orange:

I am employed in the county and state aforesaid.  I am over the age of 18 and not a party to the within action; my business address is:  City Plaza, 1 City Boulevard West, Suite 850, Orange, California 92868

On August 4, 2010, served the foregoing document described as:

**POINTS AND AUTHORITIES IN SUPPORT OF ORDER TO SHOW CAUSE RE: CONTEMPT FOR RENADA NADINE MARCH AND FAY MARCH**

on the parties listed below in this action by placing a true copy thereof or the originals in a sealed envelope sent first class mail and addressed as follows:

**FAY E. MARCH**
**RENADA NADINE MARCH**
**7 Bluebird Lane**
**Aliso Viejo, California 92656**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on August 4, 2010, at Orange, California.

S/LARRY ROTHMAN

_____
LARRY ROTHMAN