**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS - 6

**CIVIL MINUTES - GENERAL**

Case No. SACV 10-01144-DOC (RCx)                                          Date: September 14, 2010

Title: MEGLODON FINANCIAL, LLC v. RENADA NADINE MARCH et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                        NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT; DENYING PLAINTIFF'S MOTION TO DEEM DEFENDANTS VEXATIOUS LITIGANTS; DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANTS IN CONTEMPT

     Before the Court is Plaintiff Meglodon Financial LLC's ("Plaintiff") Motion to Remand Case to State Court, as well as to Deem Defendants Vexatious Litigants (Docket 4) and Plaintiff's Motion For an Order to Show Cause Why Defendants Should Not Be Held in Contempt (Docket 6). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court hereby GRANTS Plaintiff's Motion to Remand but DENIES Plaintiff's request for fees, to have Defendants declared vexatious litigants and for the issuance an OSC re: Contempt Against Defendants.

    **I.**    **DISCUSSION**

     This is an unlawful detainer action challenging the possession of property located at 7 Bluebird Lane in Aliso Viejo, California. This is the fourth removal that has been filed in the Central District of California for the same Orange County Superior Court case, Case No. 30-2009-00312382-CL-UD-HLH. The first removal filed by Defendant Renada Nadine March was heard by Judge George Wu and was remanded in *Meglodon Financial LLC v. Renada Nadine March*, No. SACV 09-1355 GW (SSx). This Court then heard and granted a Motion for Remand as to the second removal filed by

Defendant Renada Nadine March in *Meglodon Financial, LLC v. Renada Nadine March*, Case No. SACV 10-0260 DOC (Ex), on March 29, 2010.  Less than one month later, on April 28, 2010, Defendant's mother, Fay E. March ("Fay March"), filed another notice of removal to federal court in *Megladon Financial LLC v. Renada Nadine March et. al.*, Case No. SACV 10-0516 DOC (Ex).  The Court remanded this case to state court on July 23, 2010.  *See* Order Granting Motion By Plaintiff to Remand Case; Denying Motion for Fees and For Vexatious Litigant Declaration, Hon. David O. Carter, July 23, 2010 (Docket 29).  Only five days later, on July 28, 2010, Renada Nadine March filed yet another notice of removal in this case.

Plaintiff has filed a Motion to Remand Case to State Court and to Deem Defendants Vexatious Litigants (Docket 4).  Plaintiff has also filed an Application for an Order to Show Cause Re: Contempt against Renada Nadine March and Faye [sic] March (Docket 6).

### A.   Section 1334 Removal

According to the Notice of Removal, Renada Nadine March asserts removal jurisdiction pursuant to 28 U.S.C. § 1334 and 1452, which grants jurisdiction to the federal courts over cases "arising in" or "related to" bankruptcy actions and over the property of the debtor and estate.  The bankruptcy action to which Renada Nadine March refers is an action in which she herself is not a party.  Renada Nadine March, asserts, however that her mother, Fay March claims an interest in the property in question and is currently involved in the bankruptcy action *March v. Cohen*, No. 8:10-bk-14252-TA (Bankr. C.D. Cal. filed Apr. 1, 2010).  As the Court ruled in its Order Granting Motion to Remand Case to Orange County Superior Court, issued on July 23, 2010 in *Megladon Financial LLC v. Renada Nadine March et. al.*, Case No. SACV 10-0516 DOC (Ex) (Docket 29), Fay March is not a party to this action.  As such, Fay March's pending bankruptcy matter does not provide grounds for removal of this action.

Plaintiff's Motion to Remand is hereby GRANTED.

### B.   Attorneys Fees and Vexatious Litigant Determination

Plaintiff requests that the attorneys fees it expended on this removal be awarded to them on the basis that this action was removed in bad faith.  Indeed, March filed this instant notice of removal only five days after the issuance of the Court's most recent order remanding this case to state court.  March did so without advancing any new legal or factual arguments.  All of this counsels in favor of a finding of bad faith and a finding that Defendants are apparently unwilling to accept the ruling of this Court and Judge Wu regarding the lack of federal court jurisdiction in this case.  Mindful of Defendants' status as *pro se* litigants, however, the Court declines to grant an award of attorneys fees at this time.  The Court, however, directs Renada Nadine March and Faye March, as well any and all other parties who may seek leave to participate in this action, to consider this Order a warning.  Any future attempts at frivolous removal will be met with a requirement that Defendants reimburse Plaintiff for the attorney's

fees incurred in the remand process.

Plaintiff also requests that Defendants be deemed vexatious litigants. A district court has inherent authority to issue a pre-filing order restricting a litigant's ability to file an action in the court where the litigant has a lengthy history of abusing the court process. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). The Local Rules also recognize a court's inherent power to control vexatious litigation. Local R. 83-8. However, such pre-filing orders should be granted rarely. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Plaintiff is justifiably frustrated by the repeated removal of this action and the Court is increasingly concerned that the removals are being pursued as a delay tactic. However, the Court does not find it appropriate to deem Defendants Renada Nadine March or Fay March vexatious litigants at this time. The Court once again notes Rendada Nadine March and Fay March's status as *pro se* litigants. As stated above, however, the Court directs Renada Nadine March and Faye March, as well any and all other parties who may seek leave to participate in this action, to consider this Order a warning. If any future attempts at frivolous removal are pursued, it is highly likely that the Court will grant a motion by Plaintiff for vexatious litigant designations.

### C.  Contempt

Plaintiff also requests that the Court issue an OSC re: Contempt against Defendants Renada Nadine March and Fay March, arising from Defendants repeated refusal to obey Court orders remanding this case to state court. A district court has inherent authority to impose contempt sanctions for violations of its orders. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787 (1987). As discussed above, the Marchs' repeated efforts at removal, based on arguments previously deemed to be without merit by this Court and Judge Wu, are in direct contravention of Court orders. Once again, however, the Court is mindful of Defendants' status as *pro se* litigants and thus declines to find them in contempt. As stated above, however, the Court directs Renada Nadine March and Faye March, as well any and all other parties who may seek leave to participate in this action, to consider this Order a warning. If any future attempts at frivolous removal are pursued, it is highly likely that the Court will issue contempt sanctions against the parties responsible for such removal.

### II.  DISPOSITION

For the reasons stated above, the Court GRANTS the Motion to Remand; DENIES the request for fees; DENIES the request to deem Defendants vexatious litigants; and DENIES the request to hold Defendants in contempt.

The Clerk shall serve this minute order on all parties to the action.